(14 Misc. Rep. 25.)

BOSTON & PROVIDENCE DISPATCH EXP. CO. v. METROPOLITAN ST. RY. CO.[1]

(Common Pleas of New York City and County, General Term.  August 22, 1895.)

STREET CARS—COLLISION WITH TEAM—CONTRIBUTORY NEGLIGENCE.

Recovery for collision of a cable car, bound up street, with a team which came suddenly on the track, just ahead of such car, from behind a downward-bound car, is precluded by contributory negligence, the driver of the team having stated that he waited, before attempting to cross, for the downward-bound car to pass, and explained his failure to see the upward-bound car by saying that it was going so fast that it would be impossible to see it.

Appeal from First district court.

Action by the Boston & Providence Dispatch Express Company against the Metropolitan Street-Railway Company.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Henry A. Robinson, for appellant.
Morris W. Hart, for respondent.

GIEGERICH, J.   This action was brought to recover the value of a horse which was injured so as to be worthless in a collision with a Broadway cable car.   The plaintiff's servant was driving the horse, which was attached to an express wagon at the time, eastward along Bleecker street, and the accident happened just as the horse was upon the easterly or so-called "up track" of the Broadway line. The jury brought in a verdict for the plaintiff in the sum of $250, the full amount claimed.   No explanation was given by the driver of the plaintiff's wagon why he failed to see the approaching car, except the remarkable one that "this car was going so fast that it would be impossible to see it."   This, taken in connection with his statement that he waited for a down-town car to pass before he attempted to cross, and the testimony of the gripman of the upward-bound car which caused the injury, and of the passenger Miller, who was riding on the front platform, that the horse appeared suddenly upon the track before them immediately after the down-town car had passed, convinces us that the driver did not exercise such care in looking for the approach of cars as prudence demands at such a dangerous crossing as this intersection of two busy thoroughfares is conceded to be.   From the facts shown it is plain that he hastened immediately behind the downward-bound car, and had driven his horse upon the up track before either he or the gripman of the approaching car had any opportunity to perceive that a collision was impending.   This contributory negligence should, of course, preclude any recovery by the plaintiff.

For these reasons the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

[1] Motion for reargument denied.  See 35 N. Y. Supp. 1103.